# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00193-CV

**John Koo-Hyun Kim, Appellant**

**v.**

**David Evans, Yew Doh Young, David A. Wright, Miles White, Mark Tammen, Kewn Shin Young, Jin Rim Hyung, Seok O. Won, Kim Roy Moon Seok, Chol Moon In, Jai Kyung Lee, Min Chuong Lee, Sun Bai Kim, Hong Il Kim, Sang Wuk Kang, John Judson, Rashall Hunter, et al., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GN-08-003831, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On April 12, 2011, appellant John Koo-Hyun Kim filed a notice of appeal complaining of several of the trial court's orders, as well as the trial court clerk's refusal to accept Kim's filings after he was determined to be a vexatious litigant, which stayed the underlying proceeding and barred Kim from filing further proceedings without leave of court.[1]  *See* Tex. Civ. Prac. & Rem. Code. Ann. § 11.001-.104 (West 2002 & Supp. 2012).  We affirm the court's order denying Kim's motion for a temporary restraining order lifting or staying the vexatious-litigant order.

---

[1]  Kim represents himself pro se.  Although a litigant who chooses to proceed pro se must comply with procedural rules and is held to the same standards applied to attorneys, *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied), Kim has not complied with the appellate rules.  In addition, it is difficult to decipher his complaints, and he has filed a number of documents raising different complaints at different points during the pendency of this appeal.

On October 22, 2008, Kim sued twenty-four individuals, complaining that they had improperly and wrongly forced Reverend Yong-Jin Park to resign as pastor at the Austin Korean Presbyterian Church. In addition to seeking Reverend Park's reinstatement, Kim sought $10,000,000 as compensation. Defendant Mark Tammen filed a motion to have Kim declared a vexatious litigant, and defendants Miles White and John Judson joined in Tammen's motion. On March 2, 2009, the trial court granted Tammen's motion and declared Kim to be a vexatious litigant, prohibiting him from filing new litigation without judicial permission. *See id.* §§ 11.101-.102 (West Supp. 2012). Kim was ordered to furnish $26,000 in security, and the order stated that if Kim did not furnish the security, his lawsuit would be dismissed. *See id.* § 11.055 (West 2002). On March 30, 2009, the court dismissed Kim's claims against Tammen, White, and Judson because Kim had not filed the required security. The suit seems to be pending but stayed in the trial court, with claims remaining against the defendants who did not join in Tammen's motions.[2]

At some point, Kim filed a motion for a temporary restraining order, asking that the vexatious-litigant order be stayed or lifted. The trial court denied the motion, and Kim appealed. In his notice of appeal, Kim states that he is appealing from the trial court's "judgment dates on March 07, 08, 09, 10, 11, 2011,"[3] the order denying Kim's request for a temporary restraining order,

---

[2] In January 2009, Kim filed a document stating that six of the twenty-four named individuals should be considered witnesses, not defendants, and in March, the court dismissed his claims against Tammen, White, and Judson, leaving fifteen defendants. The trial court's order declaring Kim to be a vexatious litigant states that the underlying suit was stayed and that no party should file any documents or attempt to conduct discovery without leave of court.

[3] Those are dates on which the trial court allowed him to speak before the court and register his disagreement with the vexatious-litigant finding. In those discussions, Kim argued that the finding would wrongfully bar him from complaining about his son's deportation, his firing by the Austin Community College, and his pastor's removal. No orders were signed on those dates.

2

dated March 7, 2011, and the trial court clerk's refusal to accept his filings between March 11 and March 31, 2011. It appears that the only order that was signed in 2011 was the March 7 order denying Kim's request for a temporary restraining order.

The statute governing interlocutory appeals permits an interlocutory appeal from an order granting or denying a temporary injunction. *Id.* § 51.014(a)(4) (West Supp. 2012). "Whether an order is a non-appealable temporary restraining order or an appealable temporary injunction depends on the order's characteristics and function, not its title." *In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002). "A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion. A temporary injunction is one which operates until dissolved by an interlocutory order or until the final hearing." *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). It seems that the relief sought by Kim was more akin to an injunction than a restraining order, which means we may exercise jurisdiction over his appeal from the March 7 order.[4] *See id.*

In a past proceeding, we determined that the trial court did not err in finding that Kim is a vexatious litigant.[5] *See In re Kim*, No. 03-09-00113-CV, 2009 Tex. App. LEXIS 8771,

---

[4] Kim mailed his notice of appeal on April 9, 2011, thirty-three days after the trial court signed the order, and it was received and filed by the trial court on April 12. A notice of appeal in an interlocutory appeal must be filed within twenty days of the date the order is signed. Tex. R. App. P. 26.1(b), 28.1(a). However, the rules allow for a fifteen-day extension of time, *id.* R. 26.3, and we will assume that Kim has requested an extension of time under the rules. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

[5] Kim's copious filings in this appeal largely attack the vexatious-litigant finding but also complain about his firing, his son's deportation, and the pastor's removal, all of which are complaints he has raised many times in his numerous earlier proceedings. He asserts that the trial

3

at *4-8 (Tex. App.—Austin June 2, 2009, orig. proceeding) (mem. op.). Kim argues that the court erred in denying his motion for a restraining order in the following ways: (1) complaining about a minor typographical error in the heading of the order; (2) alleging that it is "fraud" for the order to state that a hearing was held on Kim's motion or that Kim "contend[ed]" that the vexatious-litigant order violated the civil practice and remedies code because Kim did not argue his case; (3) asserting that the court's citation to the applicable statute "has no legal force" and that the order therefore "has no legal force like a trash and hogwash"; (4) arguing that the vexatious-litigant order violated Kim's constitutional, civil, and human rights; and (5) alleging that the vexatious-litigant finding was an attempt by a trial court judge to "hide and conceal and bury all of crimes and judicial fraud committed by Texas Governmental officials." He goes on to compare Rick Perry to Pontius Pilate

---

courts, this Court, the Texas Supreme Court, and the federal court have "defrauded" him, decided his cases "behind closed doors," broken the law by "undemocratic, unfair and unconstitutional declarations," and made numerous other errors or misrepresentations in the handling of his lawsuits, appeals, and original proceedings. Finally, in his "brief" filed July 18, 2012, he lists those he wishes to be "defendants" in his litigation: the judge who signed the initial vexatious-litigant orders, her staff attorney, the trial court judge who has presided over most of Kim's suits, six other trial court judges who have ruled against Kim at various times, the clerk of the supreme court, the trial court administrator, a trial court clerk, the Texas Workforce Commission, the "Texas police," "Constable at Austin," most of the individuals named in this underlying lawsuit, and Google.

As we explained in *In re Kim*, at the time of the vexatious-litigant hearing, Kim had filed at least seventeen pro se lawsuits in the preceding three years and had lost at the trial-court level in ten of them. No. 03-09-00113-CV, 2009 Tex. App. LEXIS 8771, at *4 (Tex. App.—Austin June 2, 2009, orig. proceeding) (mem. op.). He appealed all ten, and we ruled against him each time. *See id.* at *4 n.2. Kim's pleadings have been called "unintelligible" and are regularly in violation of the rules of civil and appellate procedure, and, although it has been pointed out that he may not appeal on behalf of his pastor and that we may not rule on matters internal to the church, he continues to raise such complaints. *See id.* at *5; *see also Kim v. Kim*, No. 03-08-00477-CV, 2009 Tex. App. LEXIS 5456, at *6-7 (Tex. App.—Austin July 17, 2009, no pet.) (mem. op.) (affirming orders related to minister's removal, noting that ecclesiastical matters are outside courts' jurisdiction).

and seems to compare himself and his legal claims to Jesus. Kim also repeatedly asserts that the trial court did not provide sufficient explanation in the vexatious-litigant order and did not properly review the file before making its ruling.

First, the record does not support Kim's allegations that the initial order was improper. *See id.* Second, a minor clerical error in the heading does not invalidate the order denying Kim's motion. *See SLT Dealer Grp., Ltd. v. Americredit Fin. Servs.*, 336 S.W.3d 822, 832 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (trial court may correct clerical error at any time, even after plenary power runs; clerical error prevents judgment as written "from accurately reflecting the judgment as actually rendered"); *Miller v. K & M P'ship*, 770 S.W.2d 84, 88 (Tex. App.—Houston [1st Dist.] 1989, no writ) ("We decline to find that a typographical error in the order is sufficient to render the order void . . . ."). Third, the court's citation to the applicable statute is proper and not erroneous. Fourth, the vexatious-litigant statute does not violate Kim's rights. *See In re Potts*, 357 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (statute does not violate due-process rights because trial court must first make required findings based on "factors that are closely tied to the likelihood that the litigation is frivolous"); *Leonard v. Abbott*, 171 S.W.3d 451, 458 (Tex. App.—Austin 2005, pet. denied) (statute does not discriminate against pro se litigants or violate litigants' equal-protection rights). And finally, there is no evidence or indication that any of the trial court judges have acted improperly in their handling of Kim's various filings. To the contrary, the record reflects that the trial court judge who has overseen most of Kim's more recent filings has been very patient and respectful of Kim, allowing him to speak on several occasions when

5

the court could reasonably have refused Kim that opportunity and explaining procedural requirements and the court's reasoning.

We affirm the trial court's order denying Kim's request for a temporary restraining order staying the vexatious-litigant finding.[6] We remind Kim that any attempt to file further proceedings will be rejected pursuant to section 11.103 of the civil practice and remedies code unless he can show he has permission from the local administrative judge to file the document or proceeding. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103 (West Supp. 2012) ("a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order . . . unless the litigant obtains an order from the local administrative judge permitting the filing").

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Affirmed

Filed:   January 31, 2013

---

[6] As we discussed earlier, there were no orders signed on any of the other dates specified by Kim in his notice of appeal, and we may only consider appeals over final or otherwise appealable orders or judgments. We therefore have limited our review to the one signed order over which we may exercise jurisdiction.